UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN L. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> ADMINISTRATOR OF BRIDGEWATER STATE HOSPITAL, <br><br> Defendant. | * <br> * <br> * <br> * <br> *   Civil Action No. 20-12055-IT <br> * <br> * <br> * <br> * <br> * <br> * |

ORDER

November 30, 2020

TALWANI, D.J.

    *Pro se* Plaintiff Steven L. Smith, who is confined at Bridgewater States Hospital ("BSH"), has filed a Complaint [#1] and a Motion to Request Immediate Injunction [#2].

    Filing Fee or Application to Proceed Without Prepayment of Fees

    A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $50 administrative fee; or (2) or file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in forma pauperis*). Here, Plaintiff has neither paid these fees nor filed an application to proceed without prepayment of fees but will be required to do so in order to proceed with this action.

    With few exceptions, a non-prisoner plaintiff who is permitted to proceed *in forma pauperis* is not required at any point to pay the filing fee. When the court allows a prisoner's motion for leave to proceed *in forma pauperis*, the $50 administrative fee is waived, and the prisoner will be allowed to proceed without prepayment of the $350 filing fee. Notwithstanding the grant of *in forma pauperis* status, a prisoner plaintiff must pay the $350 filing fee over time.

If a plaintiff is a prisoner, his request to proceed without prepayment of the filing fee must also be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). After receiving the prison account statement, the court directs the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by monthly payments until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

For purposes of resolution of the filing fee, a "prisoner" is defined "as any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). BSH houses both prisoners (pretrial detainees and persons serving a criminal sentence), and non-prisoners (persons who are confined solely by reason of mental illness), and it is unclear from Plaintiff's filing whether he is a "prisoner" or is confined solely by reason of mental illness. If Plaintiff files a motion for leave to proceed *in forma pauperis*, he must identify the basis of his confinement at BSH, and, if he is either a pretrial detainee or is serving a criminal sentence, he shall include a copy of his institutional trust fund account statement.

Action on Behalf of Others

Plaintiff purports to this action on behalf of himself and on behalf of a class consisting of all the residents of Unit B1 of BSH. "The federal courts have consistently rejected attempts at third-party lay representation." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (citations omitted). "By law an individual may appear in federal courts only pro se or

through legal counsel." Id. (citing 28 U.S.C. § 1654). Plaintiff also does not have standing to assert claims for injuries suffered by others. Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010). Accordingly, Smith may proceed here only on his own behalf.

Motion to Request Immediate Injunction [#2]

Plaintiff provides no reason why the Defendant should not have an opportunity to respond to his request for relief. Accordingly, Plaintiff's Motion to Request Immediate Injunction will be treated as a motion for a preliminary injunction. The Defendant will not be required to respond to the motion unless and until the filing fee is resolved, the court orders that a summons issue, and Defendant is served.

According, the court hereby orders:

1. Plaintiff must, within twenty-eight (28) days of the date of this Order, either pay the $400 fee for commencing a new action or file an application to proceed without prepayment of fees. If Plaintiff files a motion for leave to proceed *in forma pauperis*, he must identify the basis of his confinement at BSH, and if he is either a pretrial detainee or is serving a criminal sentence, he shall include a copy of his institutional trust fund account statement. Failure to comply with this directive may result in dismissal of the action without prejudice.

2. The Clerk shall provide Plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs. The Clerk shall also provide a copy of this order to the treasurer of BSH.

3. Plaintiff may not bring this action on behalf of others and the Clerk shall remove the term "All Residents Bridgewater Unit B 1" from the identification of Plaintiff on the docket.

4. Defendant's time to Plaintiff's Motion to Request Immediate Injunction will not commence unless or until the filing fee is resolved, the court orders that a summons issue and Defendant is served.

IT IS SO ORDERED.

                                              /s/ Indira Talwani
                                             United States District Judge

November 30, 2020