UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN L. SMITH,　　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　　　　* | |
| 　　　　Plaintiff,　　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　　　　* | |
| 　　　　v.　　　　　　　　　　　　　　　* | Civil Action No. 20-12055-IT |
| 　　　　　　　　　　　　　　　　　　　　* | |
| ADMINISTRATOR OF BRIDGEWATER　　　* | |
| STATE HOSPITAL,　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　　　　* | |
| 　　　　Defendant.　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　　　　* | |

ORDER

January 19, 2021

TALWANI, D.J.

On November 18, 2020, *pro se* Plaintiff Steven L. Smith, who was confined at Bridgewater State Hospital ("BSH") at the time, filed a Complaint [#1]. For the reasons set forth below, this action is DISMISSED without prejudice as moot.

I.　　Background

In his complaint, Plaintiff complains of certain conditions of confinement at BSH. Purporting to act on behalf of himself and on behalf of a class consisting of all the residents of Unit B1 of BSH, Plaintiff asks for preliminary and final injunctive relief to require the administrator of BSH to provide prisoners more time for showering and recreation, make certain changes to the institution's grievance and mail processes, and provide legal services and access to a law library. Plaintiff does not request damages. Plaintiff also filed a Motion to Request Immediate Injunction [#2].

Plaintiff commenced this action without paying a filing fee or filing an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in*

*forma pauperis*). On November 30, 2020, the court entered an Order [#4] requiring Plaintiff to pay the filing fee or file a motion for leave to proceed *in forma pauperis* with a six-month prison account statement. The court also directed Plaintiff that he could only bring the action on behalf of himself.[1]

Docket entries in the present action indicate that Plaintiff has been transferred to the Barnstable County Jail and House of Correction. On December 21, 2020, the November 30, 2020 order in this action [Dkt. #4] that was mailed to Plaintiff at BSH was returned as undeliverable. [Dkt. # 9]. Plaintiff subsequently filed a letter [Dkt. #10] stating that he has been transferred to the Barnstable County Jail and House of Correction.

II.     Discussion

Plaintiff's transfer to the Barnstable County Jail and House of Correction renders the present action moot, leaving the court without jurisdiction to adjudicate this action. Federal courts have jurisdiction under Article III of the U.S. Constitution only if the plaintiff has standing to sue. See Horne v. Flores, 557 U.S. 433, 445 (2009). "To establish standing, a plaintiff

---

[1] On December 1, 2020, the Clerk received papers from Plaintiff without a civil action number. These papers were initially docketed in Smith v. Bowler, C.A. No. 20-11996-MGM (D. Mass.) [Dkt. #10], but, because most of the documents concerned conditions of confinement at BSH, they were placed on the docket of this case on December 7, 2020. [Dkt. ## 5, 6, 7, 8]. The court is not separately addressing Plaintiff's Proposed Document [#5], Motion for Injunctive Relief [#7], or Memorandum in Support of Motion for Injunctive Relief [#8] because they are, in all pertinent ways, duplicative of the papers that Plaintiff previously filed in this action. Plaintiff indicates on this motion for leave to proceed *in forma pauperis* [#6] document that he intended that it be filed in an action that he commenced against Correctional Officer Richard Byrnes. This appears to be a reference to Steven L. Smith v. Sheriff Lewis & Correctional Officer Richard Byrnes, C.A. No. 20-30173-KAR (D. Mass.), a pending action in which Plaintiff complains of alleged wrongful actions when he was confined at the Worcester County Jail and House of Correction. Accordingly, this document shall be refiled in C.A. No. 20-30173-KAR (D. Mass.). Plaintiff is cautioned that he must include case numbers on his pleadings.

must present an injury that is concrete, particular, and actual or imminent . . . and redressable by a favorable ruling." A case is moot where it is "impossible for a court to grant any effectual relief whatever to the prevailing party." Chafin v. Chafin, 568 U.S. 165, 172 (2013).

Here, Plaintiff's request for injunctive relief is moot because he is no longer at BSH. See, e.g., Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) ("A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release."). Even if the court were to determine that the complained-of circumstances at BSH were unconstitutional, any injunction to rectify these conditions would not provide "effectual relief" to Plaintiff, who is now confined at the Barnstable County Jail and House of Correction.

III.    Conclusion

For the forgoing reasons, this action is DISMISSED without prejudice as moot. The Clerk shall terminate all pending motions as moot. No filing fee is assessed.

IT IS SO ORDERED.

                                              /s/ Indira Talwani
                                              United States District Judge

January 19, 2021